FILED
2021 Jan-12 PM 02:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| BENJAMIN BEDOGWAR ORYANG, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:19-cv-01615-AMM-HNJ |
| BILLY MITCHEM, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

The magistrate judge filed a report on October 20, 2020, recommending that the plaintiff's claims against Warden Billy Mitchem, Dr. John Doe (I), Dr. Jane Doe, Nurse Jane Doe, Dr. John Doe (II), Dr. John Doe (III), Nurse Practitioner Joseph Guthrie, Correctional Medical Services ("CMS"), Naphcare, and Prison Health Services ("PHS") be dismissed without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief can be granted. Doc. 15. The magistrate judge further recommended that the claims for monetary and or prospective injunctive relief against Dr. Tahir Siddiq, Nurse Practitioner John Doe, Dr. Perryman, Nurse Practitioner Ms. Waugh, ADA Coordinator Lt. Parker, Warden Joseph Headley, Commissioner Dunn, the Alabama Department of Corrections ("ADOC"), Corizon, and Wexford Health Services, be severed and transferred to the United States District Court for the Middle District of Alabama. *Id*.

Mr. Oryang filed objections to the report and recommendation. Doc. 16. He asserts the magistrate judge erroneously reported the facts underlying his claims. *Id*. at 1-2, 4-8, 13. However, other than the erroneous omission of Dr. Bell as a named defendant by the magistrate judge (which appears to be a scrivener's error), the court finds the magistrate judge correctly reported the facts and parties material to the plaintiff's claims. Accordingly, the objection is **OVERRULED**, but the magistrate judge's recommendation is accepted with the modification that Dr. Bell is included as a named defendant.

Next, Mr. Oryang asserts that Eleventh Amendment immunity does not bar his claims for monetary damages and injunctive relief against "state officials or state actors;" therefore, it would be error to dismiss such claims against the ADOC. *Id*. at 8. The magistrate judge correctly explained the law on this point. Doc. 15 at 7. Based on that law, the inclusion of Mr. Oryang's claim for monetary relief against the ADOC in the magistrate judge's transfer recommendation appears to be a scrivener's error. Accordingly, the objection is **OVERRULED**, but the magistrate judge's recommendation is accepted with the modification that Mr. Oryang's claims for monetary relief and claims for retrospective injunctive relief against the ADOC are dismissed, not transferred.

Mr. Oryang also argues that the magistrate judge erred in reporting that his claims against Warden Billy Mitchem, Dr. John Doe (I), Dr. Jane Doe, Nurse Jane Doe, Dr. John Doe (II), Dr. John Doe (III), Nurse Practitioner Joseph Guthrie as well as his claims against CMS, NaphCare, and PHS, are barred by the applicable statute of limitations. *Id*. at 3, 8-9. The magistrate judge correctly reported that, based on the dates of the plaintiff's institutional transfers and the date each medical provider ceased providing services to ADOC inmates, his claims against these defendants are untimely even if considered under a continuing violation theory. Doc. 15 at 9-12. Accordingly, this objection is **OVERRULED**.

Finally, Mr. Oryang objects that the magistrate judge failed to address each of his specifically listed constitutional claims against the defendants and protests the severance and transfer of his claims to the Middle District of Alabama. Doc. 16 at 11-12. No further discussion is necessary for the claims that fail because of the statute of limitations. Nor is any further discussion required for the remaining claims because the court finds that, for the reasons the magistrate judge identified, for the convenience of the parties and witnesses, and in the interest of justice, the remaining claims warrant severance and transfer to the Middle District of Alabama. *See* 28 U.S.C. § 1404(a).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and the objections thereto, the court **ADOPTS** the magistrate judge's report and **ACCEPTS** his recommendation, **MODIFIED** (1) to include Dr. Bell as a defendant, and (2) to dismiss rather than transfer Mr. Oryang's claim for monetary relief against the ADOC.

A Final Judgment and Order to Sever and Transfer will be entered in accordance with this opinion.

**DONE** and **ORDERED** this 12th day of January, 2021.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE