IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BENJAMIN BEDOGWAR ORYANG, ) | |
| #168 079, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:21-CV-23-WHA-SRW |
| ) | |
| DR. TAHIR SIDDIQ, et al., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff is an inmate incarcerated at the Staton Correctional Facility in Elmore, Alabama. Proceeding *in forma pauperis,* Plaintiff brings the captioned action under 42 U.S.C. § 1983 challenging the adequacy of medical care received for his complaints of a left-ear hearing deficit, ringing sounds in his left ear, and dizziness. The complaint is before the court for screening under 28 U.S.C. § 1915A.[1] Upon review of the complaint, the court finds it contains deficiencies.

Plaintiff states he was incarcerated at the Bullock Correctional Facility from mid-2013 to January of 2017. However, any claims arising from actions which occurred before September 30, 2017—over two years before this case was filed as determined by the date Plaintiff submitted the

---

[1] Plaintiff originally filed this action in the United States District Court for the Northern District of Alabama, on October 2, 2019. Based on its review of the complaint, the court in the Northern District dismissed Plaintiff's claims against several defendants under 28 U.S.C. § 1915A(b)(1) for failing to state a claim upon which relief can be granted, severed and transferred Plaintiff's remaining claims for monetary or prospective injunctive relief against Defendants Tahir Siddiq, Dr. Perryman, Nurse Practitioner Waugh, ADA Coordinator Lt. Parker, Warden Joseph Headley, Commissioner Joseph Dunn, Corizon, and Wexford Health Services, and severed and transferred his claims for prospective injunctive relief against the Alabama Department of Corrections ("ADOC"). *See* Docs. 15, 17, 18, 19. Although the order also directed the transfer and severance of Plaintiff's claims against "Nurse Practitioner John Doe," this designation fails to properly identify any individual as a defendant. "As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). Thus, a plaintiff must specifically identify the individual(s) a plaintiff seeks to name as a defendant(s).

complaint for mailing—are barred by the two-year period of limitations which governs 42 U.S.C. § 1983 claims.

> All constitutional claims brought under are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985). [Plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, in order to have his claim heard, [Plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

In determining when a cause of action accrues, "a court must first identify the alleged injuries, and then determine when the plaintiff could have sued for them." *Smith v. Shorstein*, 217 F. App'x 877, 881 (11th Cir. 2007). Where a continuing wrong is involved, "the cause of action accrues, and the limitation period begins to run, at the time the unlawful conduct ceases." *Id.* Plaintiff filed his complaint on September 30, 2019—over two years after his cause of action challenging matters which occurred at the Bullock Correctional Facility by accrued.

Next, to the extent Plaintiff seeks to hold a defendant liable on the basis of *respondeat superior* or vicarious liability, the law directs "that Government officials may not be held liable for the unconstitutional conduct of their subordinates under the theory of *respondeat superior* [or vicarious liability]. . . . *Robertson v. Sichel*, 127 U.S. 507, 515-516, 8 S.Ct. 1286, 3 L.Ed. 203 (1888) ('A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties'). Because vicarious liability [and *respondeat superior* are] inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Cottone v. Jenne*, 326 F.3d

1352, 1360 (11th Cir. 2003) (holding "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability."); *Marsh v. Butler County*, 268 F.3d 1014, 1035 (11th Cir. 2001) (holding a supervisory official "can have no *respondeat superior* liability for a section 1983 claim."). Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677.

Finally, Plaintiff is advised that in filing a § 1983 action he must clearly and concisely describe how a defendant acted in a manner that deprived him of his constitutional rights and state the ground upon which the claim rests. Complaints which are rambling and presented in a disjointed and narrative-style manner fail to give a defendant fair notice of what the claim is and the grounds upon which it rests. *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996) (internal quotations and citation omitted) (explaining that Rules 8 and 10(b), Fed. R. Civ. P., work together and "require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted…."); *Destfino v. Kennedy*, 2009 WL 63566, *8 (E.D. Cal. 2009) ("A proper complaint states clearly how each and every defendant is alleged to have violated plaintiffs' legal rights."). Also, Plaintiff may not conglomerate unrelated claims against multiple defendants nor may he conglomerate claims, even if similar in nature, which are unrelated to each other and which occurred during separate, unrelated periods of time. *See* Rule 20(a)(2)(A), *Federal Rules of Civil Procedure; see also* Rules 18(a), *Federal Rules of Civil Procedure*.

Accordingly, it is

ORDERED that **on or before March 4, 2021**, Plaintiff shall file an amended complaint which:

    1.  Presents claims regarding his challenges to allegedly unconstitutional actions about which he has personally been subjected on or after September 30, 2017.[2]

    2. Contains one claim and any claims that can be shown closely related to it, *i.e.*, arising out of the same incident or facts in both time and type;

    3. Names as defendants only those individuals he contends are personally responsible for the alleged violation of his constitutional rights as alleged in the amended complaint.

    4. Specifically describes how each defendant listed in the amended complaint acted in a manner that deprived him of his constitutional rights.

Plaintiff is advised that in filing his amended complaint he should present a short and plain statement of the claim showing why he is entitled to relief which "give[s] the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted); Rule 8(a)(2), *Federal Rules of Civil Procedure*. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." *Id.* Plaintiff is advised that this case will proceed only against the defendants named and claim(s) presented in the amended complaint. The amended complaint will, therefore, <u>supercede</u> the complaint as filed with this court on January 12, 2021.

To aid Plaintiff in filing a response to this order, the Clerk is DIRECTED to provide him with a copy of the form used by prisoners to file § 1983 complaints, and Plaintiff shall use this form in filing his amended complaint. Plaintiff is cautioned that if he fails to comply with this order the Magistrate Judge will recommend that this case be dismissed.

---

[2] Any allegation regarding a continuing violation of the challenged conduct must sufficiently allege a continuing violation as noted in Document 15 at 12, ¶3(B)(2).

DONE, this 18th day of February 2021.

/s/  Susan Russ Walker
UNITED STATES MAGISTRATE JUDGE