IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BENJAMIN BEDOGWAR ORYANG, #168 079, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:21-CV-23-WHA-SRW |
| | ) | [WO] |
| ALABAMA DEPARTMENT OF CORRECTIONS, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, a state inmate incarcerated at the Staton Correctional Facility, brings this action under 42 U.S.C. § 1983.[1] After reviewing the complaint and finding deficiencies in this pleading, the court determined that Plaintiff should be provided an opportunity to file an amended complaint to address these issues.  On February 18, 2021, the court entered a detailed order explaining the deficiencies in the complaint and providing Plaintiff with specific instructions regarding filing an amended complaint. Doc. 21.

Plaintiff filed an amended complaint on March 5, 2021. Because the pleading failed to comply with the instructions set forth in the February 18 order, the court entered an order on March 8, 2021, granting Plaintiff a further opportunity to file an amended complaint which comported with the specific directives contained therein. Doc. 24. Plaintiff filed an amended complaint on March 22, 2021, challenging the medical care afforded him at the Staton Correctional Facility. Doc. 25.

---

[1] Plaintiff originally filed this action in the United States District Court for the Northern District of Alabama, on October 2, 2019. Based on its review of the complaint, the Court in the Northern District dismissed Plaintiff's claims against several defendants under 28 U.S.C. § 1915A(b)(1) for failing to state a claim upon which relief can be granted, and severed and transferred the remaining defendants and claims to this court for review and disposition. *See* Docs. 15, 17, 18, 19.

As currently constituted, the second amended complaint still contains deficiencies about which the court warned Plaintiff, and which it offered him opportunities to correct, in its February 18, 2021, and March 8, 2021, orders. The court concludes that the claims presented in the March 22, 2018, amended complaint against Defendants Alabama Department of Corrections, Dr. Tahir Siddiq, Dr. Owens, and Dr. Chandler are due to be dismissed prior to service of process under 28 U.S.C. § 1915A.

## I.  STANDARD OF REVIEW

The Prison Litigation Reform Act, as partially codified at 28 U.S.C. § 1915A, requires this court to screen complaints filed by prisoners against government officers or employees as early as possible in the litigation. The court must dismiss the complaint or any portion thereof that it finds frivolous, malicious, seeks monetary damages from a defendant immune from monetary relief, or which states no claim upon which relief can be granted. 28 U.S.C. §1915A(b)(1) & (2). The court may *sua sponte* dismiss a prisoner's complaint prior to service. *See* 28 U.S.C. § 1915A(a).

Under § 1915A(b)(1) the court may dismiss a claim as "frivolous where it lacks an arguable basis in law or fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A claim is frivolous as a matter of law where the defendants are immune from suit, *id*. at 327, the claim seeks to enforce a right that clearly does not exist, *id*., or there is an affirmative defense that would defeat the claim, such as the statute of limitations, *Clark v. Georgia Pardons & Paroles Bd*., 915 F.2d 636, 640 n.2 (11th Cir. 1990). Courts are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual

allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

The court may dismiss a complaint, or any portion thereof, under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Dismissal under § 1915A(b)(1) may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A review on this ground is governed by the same standards as dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations should present a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. When a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones*, 549 U.S. at 215.

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). However, they "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## II.  DISCUSSION

## A.     The Alabama Department of Corrections

Plaintiff names the Alabama Department of Corrections a defendant. The Eleventh

Amendment bars suit directly against a state or its agencies, regardless of the relief sought.

*Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Papasan v. Allain*, 478 U.S.

265 (1986) (holding that unless the State of Alabama consents to suit or Congress rescinds its

immunity, a plaintiff cannot proceed against the State or its agencies as the action is proscribed by

the Eleventh Amendment and "[t]his bar exists whether the relief sought is legal or equitable.").

> "[T]he Eleventh Amendment prohibits federal courts from entertaining suits by
> private parties against States and their agencies [or employees]." *Alabama v. Pugh*,
> 438 U.S. 781, 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978). There are two
> exceptions to this prohibition: where the state has waived its immunity or where
> Congress has abrogated that immunity. *Virginia Office for Prot. & Advocacy v.
> Stewart*, 563 U.S. 247, 131 S.Ct. 1632, 1637–38, 179 L.Ed.2d 675 (2011). "A
> State's consent to suit must be 'unequivocally expressed' in the text of [a] relevant
> statute." *Sossamon v. Texas*, 563 U.S. 277, 131 S.Ct. 1651, 1658, 179 L.Ed.2d 700
> (2011) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98, 104
> S.Ct. 900, 79 L.Ed.2d 67 (1984)). "Waiver may not be implied." *Id*.  Likewise,
> "Congress' intent to abrogate the States' immunity from suit must be obvious from
> 'a clear legislative statement.'" *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55,
> 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996) (quoting *Blatchford v. Native Vill. of
> Noatak*, 501 U.S. 775, 786, 111 S.Ct. 2578, 115 L.Ed.2d 686 (1991)).

*Selensky v. Alabama*, 619 F. App'x 846, 848–49 (11th Cir. 2015). Thus, neither the State of

Alabama nor its agencies may be sued unless the State has waived its Eleventh Amendment

immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984), or

Congress has abrogated the State's immunity, *see Seminole Tribe v. Florida*, 517 U.S. 44, 59

(1996).

> Neither waiver nor abrogation applies here. The Alabama Constitution states that
> "the State of Alabama shall never be made a defendant in any court of law or
> equity." Ala. Const. art. I, § 14.  The Supreme Court has recognized that this
> prohibits Alabama from waiving its immunity from suit. *Pugh,* 438 U.S. at 782, 98
> S.Ct. 3057 (citing Ala. Const. art. I, § 14.)

*Selensky*, 619 F. App'x at 849. "Alabama has not waived its Eleventh Amendment immunity in §

1983 cases, nor has Congress abated it." *Holmes v. Hale*, 701 F. App'x 751, 753 (11th Cir. 2017)

(citing *Carr v. City of Florence*, Ala., 916 F.2d 1521, 1525 (11th Cir. 1990)). Consequently, Plaintiff's claims against the ADOC as asserted in the amended complaint are frivolous and therefore due to be dismissed with prejudice under 28 U.S.C. § 1915A(b)(1).

## B.     Dr. Tahir Siddiq

Plaintiff challenges the medical care provided to him by Dr. Siddiq while Plaintiff was incarcerated at the Bullock Correctional Facility between mid-2013 to January 2017. The court specifically informed Plaintiff in its orders requiring an amended complaint that any claims which occurred at different institutions or locations must be brought in a separate complaint. The court's orders directing the filing of an amended complaint also advised Plaintiff that any claims arising from actions which occurred before September 30, 2017—over two years before this case was filed as determined by the date Plaintiff submitted the complaint for mailing—are barred by the two-year period of limitations which governs 42 U.S.C. § 1983 claims. *See* Docs. 21, 24.

Plaintiff's amended complaint indicates that he seeks to challenge the medical care provide to him by Dr. Siddiq during Plaintiff's incarceration at Bullock Correctional Facility between mid-2013 and January of 2017. Doc. 25. Plaintiff's claims against Dr. Siddiq are barred by the statute of limitations applicable to actions filed by an inmate under 42 U.S.C. § 1983.

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985). [Plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (*en banc*). Therefore, in order to have his claim heard, [Plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

The actions about which Plaintiff complains occurred between mid-2013 and January of 2017. By its express terms, the tolling provision of Alabama Code § 6-2-8(a) provides no basis for

relief to Plaintiff from application of the time bar.[2]  Thus, the statute of limitations began to run on the claims arising from the challenged conduct, at the latest, on January 31, 2017. The limitations period for this event ran uninterrupted until it expired on January 31, 2019. Plaintiff filed this action on September 30, 2019, after expiration of the applicable limitation periods. [3]

The statute of limitations is usually raised as an affirmative defense. In an action proceeding *in forma pauperis* under section 1983, the court may consider affirmative defenses apparent from the face of the complaint.  *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[A(b)(1)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous." *Id*. at 640 n.2 (citing *Franklin v. State of Oregon*, 563 F. Supp. 1310, 1330-1332 (D.C. Oregon 1983)).

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of the defendant or defendants, the district court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and

---

[2] This section allows tolling of the limitations period for an individual who "is, at the time the right accrues ... insane...." Alabama Code § 6-2-8(a).  The Complaint demonstrates Hampton was not legally insane at the time of the challenged events so as to warrant tolling under Alabama Code § 6-2-8(a).

[3] The court considers September 30, 2019, to be the filing date of the Complaint. Although the Clerk stamped the Complaint "filed" on October 2, 2019, Plaintiff signed his original Complaint on September 30, 2019, and a *pro se* inmate's complaint is deemed by law to have been filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir.1993).

deserve).  "We must take advantage of every tool in our judicial workshop."  Spears
[v. McCotter], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Under facts apparent from the face of the amended complaint, Plaintiff has no legal basis
on which to proceed against Dr. Siddiq because he filed this action over two years after the
challenged conduct occurred and the statutory tolling provision is unavailing.  Further, as
explained, Plaintiff's amended complaint against Dr. Siddiq fails to conform with the specific
directives in the court's orders regarding the filing of an amended complaint, including the
admonishment against challenging events that occurred at different institutions and which are
barred by the two-year statute of limitations—as delineated in the February 18, 2021, order (Doc.
21) and the October 20, 2020, Recommendation of the Magistrate Judge (Doc. 15).  Accordingly,
the claims against Dr. Siddiq are due to be dismissed as time-barred under 28 U.S.C. § 1915A(b)(1)
and for Plaintiff's failure to comply with the orders of the court.[4]

## C.     Drs. Chandler and Owens

Plaintiff claims that Drs. Chandler and Owens are healthcare providers for the Alabama
Department of Corrections and are "legally responsible for the denial of treatment and services
that Plaintiff has been subjected to regarding his left ear ailments by ADOC and Plaintiff's other
healthcare providers." Doc. 25-1 at 7. Plaintiff's amended complaint against Drs. Chandler and
Owens contains factual allegations that are vague, conclusory, unclear, or supported purely by
conclusory legal terms like "legally responsible." These allegations fail to comply with the Court's
March 8, 2021, order requiring Plaintiff to present a short and plain statement of the claim showing
why he is entitled to relief which "give[s] the defendant fair notice of what the . . . claim is and the

---

[4] *See, e.g.*, *Giles v. Wal-Mart Distrib. Ctr.*, 359 F. App'x. 91, 93 (11th Cir. 2009) (holding that, after "guidance from the district court on how to cure the deficiencies in his complaint and a clear warning that noncompliance would be cause for dismissal," the district court did not abuse its discretion by dismissing an amended complaint that did not comply with the requirements of Rules 8 and 10).

grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). Doc. 24 at 4.

Plaintiff was given repeated opportunities to correct deficiencies in his complaints and warned of the consequences for failing to do so. Because the allegations against Drs. Chandler and Owens fail to comply with the orders of the court and the Federal Rules of Civil Procedure, *see* FED. R. CIV. P. 8(a)(2) & (d)(1) and FED. R. CIV. P. 10(b), Plaintiff's amended complaint against these defendants is due to be dismissed under § 1915A(b)(1).

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's amended complaint (Doc. 25) against Defendants Alabama Department of Corrections and Dr. Tahir Siddiq be DISMISSED with prejudice under 28 U.S.C. § 1915A(b)(1);

2.  Plaintiff's amended complaint (Doc. 25) against Defendants Dr. Chandler and Dr. Owens be DISMISSED without prejudice under 28 U.S.C. § 1915A(b)(1);

3.  Defendants Alabama Department of Corrections, Dr. Tahir Siddiq, Dr. Chandler, and Dr. Owens  be TERMINATED as parties  to the amended complaint;

4.   This case be referred to the undersigned for further proceedings against the remaining Defendants.

**On or before April 13, 2021**, Plaintiff may file an objection to the Recommendation. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which he objects.  Plaintiff is advised that frivolous, conclusive, or general objections will not be considered.  This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo*

determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 29th day of March, 2021.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge