IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **BENJAMIN BEDOGWAR ORYANG** (AIS# 168079),  Plaintiff,  v.  **TAHIR SIDDIQ, M.D., ET AL.,**  Defendants. | **CASE NO. 2:21-cv-00023-WHA-SRW** |

## SPECIAL REPORT OF CORIZON, LLC

COMES NOW Defendant, Corizon, LLC, by and through the below-signed counsel, and in response to Plaintiff's Complaint filed on October 2, 2019 [Doc. #1] and Amended Complaint filed on March 22, 2021 [Doc. #25] and this Court's Order of March 31, 2021 [Doc. #29] states as follows:

### I.   INTRODUCTION.

The Plaintiff, Benjamin Bedogwar Oryang (AIS# 168079), set forth in his Complaint, and Amended Complaint, that he was at all times incarcerated as a state inmate with the Alabama Department of Corrections. Mr. Oryang claims that he was and has been treated with deliberate indifference to his medical needs while incarcerated with the Alabama Department of Corrections.

## II.   NARRATIVE SUMMARY OF FACTS.

Benjamin Bedogwar Oryang (AIS# 168079) is an inmate with the Alabama Department of Corrections. He is currently incarcerated with the Alabama Department of Corrections at the Staton Correctional Facility located in Elmore, Alabama. Mr. Oryang alleges in his Complaint and Amended Complaint that Corizon was deliberately indifferent to his medical needs.

Corizon previously held the contract with the Alabama Department of Corrections to provide physical health care services to Alabama state inmates. Corizon held the contract with the ADOC from November 1, 2007, through March 31, 2018. Corizon has not performed any health care services for any Alabama state inmate since March 31, 2018. No Corizon health care provider or nurse has provided any health care needs to Mr. Oryang since March 31, 2018.

## III.   LEGAL ARGUMENT.

Most of Mr. Oryang's claims against Corizon, LLC are barred by the applicable statute of limitations. Corizon's contract with the Alabama Department of Corrections terminated on March 31, 2018. Mr. Oryang filed his initial Complaint in the United States District Court for the Northern District of Alabama on October 2, 2019. [Doc.#1].   The Amended Complaint was filed on March 22, 2021 [Doc.#25].

Due to the fact that there was a two year statute of limitations on Mr. Oryang's claims, the earliest any claim against Corizon could be would be October 2, 2017. Corizon's contract with the Alabama Department of Corrections, as previously stated, terminated on March 31, 2018. Therefore, any and all potential claims of Mr. Oryang against Corizon would run from October 2, 2017 through March 31, 2018, or a six month period. There are no allegations against Corizon contained in Mr. Oryang's Complaint or Amended Complaint, specifically against Corizon from between October 2, 2017 and March 31, 2018.

The statute of limitations applicable to Mr. Oryang's § 1983 claims is two years. *Cliatt v. Phenix City, Alabama*, 2006 WL3477742, at *1 (MD Ala. Dec. 1, 2006); see also *Jones v. Preuit & Mauldin*, 876 F. 2d 1480, 1483 (11th Cir. 1989) ("After *Owens* [Vokure, 488 U.S. 235 (1989)], the two year limitations period of Ala. Code § 6-5-38(1) applies to Section 1983 actions in Alabama."). "Federal law determines when the statute of limitations begins to run; generally, "the statute of limitations does not begin to run until the facts that would support a cause of action or apparent or should be apparent to a person with a reasonably prudent regard for his rights."" *Porter v. Ray*, 461 F. 3d 1315, 1323 (11th Cir. 2006) (quoting *Lovett v. Ray*, 327 F. 3d 1181, 1182 (11th Cir. 2003)).

Federal § 1983 claims alleging deliberate indifference by prison officials accrue when the inmate knew or should have known that he/she had a potential claim

3

for violation of his/her constitutional rights. See *Lawson v. Okmulgee County Criminal Justice Auth.,* 726 Fed. Appx. 685, 691 (10th Cir. 2018) (holding that state's claims for violation of § 1983 "accrued at the latest when [the inmate] learned he had cancer in June 2013"); see also *Walton v. Florida Department of Corrections,* 2018 WL1393520, at *5[M.D. Fla. March 20, 2018] (noting that a §1983 claim is a personal action cognizable only by the person whose civil rights have been violated and holding that cause of action accrues when the decedent could have filed the action).

Any state action claims by Mr. Oryang against Corizon would be governed by the Alabama Medical Liability Act, Ala. Code § 6-5-480 et. seq., and the Alabama Medical Liability Act of 1987, Ala. Code § 6-5-540 et. seq.

See Magistrate's Report and Recommendation dated March 29, 2021, pp 5-9 (recommending that all claim's be dismissed against Tahir Siddiq, MD, a former employee of Corizon, based upon the statute of limitations).

**A.  Mr. Oryang's claims against Corizon, LLC are due to be dismissed. To make out a Section 1983 claim for deliberate indifference to medical needs, Mr. Oryang needed to produce evidence that Corizon, LLC had a policy or custom that caused the constitutional violation claimed by Mr. Oryang.**

Inmates, like free citizens, are entitled to certain constitutional protections. The Eighth Amendment to the United States Constitution provides that prisoners shall not be subjected to "cruel and unusual" punishment. U.S. Const. Amed. VII.

Subsumed within this elementary principal of human dignity is the government's obligation to provide medical care for persons in its penal custody. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). But not all deficiencies with medical treatment are actionable. It is incumbent upon the claimant prisoner (Mr. Oryang) alleging deprivation of his Eighth Amendment rights to establish that prison officials acted with deliberate indifference to his serious medical needs. *Id.* at 104.

To rectify deprivation of his Eighth Amended Rights, a claimant may bring an action under §1983. That statute allows the imposition of civil liberty upon any "person" who, acting under color of state law, causes deprivation of another's rights. 42 U.S.C. §1983. Where a claimant brings a §1983 action against a municipality, the municipality cannot be held liable solely based upon the tortuous actions of its employees. *Monell v. Dep't of SOC, Servs.,* 436 U.S. 658, 691 (1978) (holding that a municipality cannot be held liable on a theory of respondeat superior). Instead, the municipality is only liable under §1983 where the execution of its official policy or custom results in constitutional injury. *Id.* at 694. When a private entity contracts with a municipal government to provide medical services to inmates the private entity is the functional equivalent of the municipality. *Buckner v. Toro*, 116 F. 3d 450, 452 (11th Cir. 1997). Accordingly, such a private entity can only be liable under §1983 if the claimant inmate shows that the private entity's policies or custom resulted in a constitutional violation. *See Id.*

The policy or custom limitation on §1983 liability applies with equal force where a private entity contracts with the state to provide medical care to inmates. Where the state and the entity enter into such a contractual agreement, the private health care company is a "person" acting under color of state law, and thus, may be liable under §1983. *Howell v. Evans*, 922 F. 2d 712, 723-24 (11th Cir.) vacated pursuant to settlement, 931 F.2d 711 (11th Cir. 1991), and opinion reinstated subnom. *Howell v. Burden*, 12 F.3d 190 (11th Cir. 1994)(internal citation omitted).

By virtue of the contract, the private entity also "performs a function traditionally within the exclusive prerogative of the state and becomes the functional equivalent of the municipality under §1983." *Craig v. Floyd Cty.*, 643 F. 3d 1306, 1310 (11th Cir. 2011)(internal quotation marks omitted). Accordingly, under *Monell*, a private entity providing medical services to inmates pursuant to a contract with the state is only liable under §1983 where it employs a custom or policy constituting deliberate indifference to an inmate's serious medical need. *See Howell,* 922 F.2d at 724 n.13 (noting that the policy or custom analysis applied to a corporation is the same as the analysis applied to municipalities under *Monell*.).

The policy or custom at issue need not be expressed.  The policy is "a decision that it officially adopted" or created on behalf of the entity. *Sewell v. Town of Lake Hamilton*, 117 F. 3d 488, 489 (11th Cir. 1997).

A custom is any practice that is "settled and permanent" as to carry the force of law. *Id.* To demonstrate the existence of a custom, the claimant must show more than an isolated incident leading to constitutional injury – the pattern must be wide-spread. *McDowell v. Brown,* 392 F. 3d 1283, 1290 (11th Cir. 2004).  To show that the practice at issue is sufficiently wide-spread to constitute a custom, the claimant ordinarily must produce evidence that the practice resulted in deficient treatment of other inmates. *See Craig,* 643 F. 3d at 1312. Ultimately, the claimant must bring forth sufficient evidence of a "series of constitutional violations from which the deliberate indifference can be inferred." *Id.* (quoting *Estate of Novack ex rel. Turbin v. Cty. Of Wood,* 226 F. 3d 525, 531 (7th Cir. 2000)).

Under Eleventh Circuit law, to impose §1983 liability on a medical services contractor, an inmate, such as Mr. Oryang, must show three things: (1) that he suffered a violation of his constitutional rights; (2) that the medical services contractor had a policy or custom that constituted deliberate indifference to a serious medical need; and (3) that the policy or custom caused the constitutional violation. *McDowell*, 392 F. 3d at 1289.  These principals have to be applied to the facts at bar as claimed by Mr. Oryang. To survive Corizon, LLC's Motion for Summary Judgment, Mr. Oryang must have produced evidence establishing a genuine dispute of material fact as to each of these elements.  In this endeavor, Mr. Oryang has failed, and Corizon, LLC is entitled to judgment as a matter of law.

It is well settled that a corporation, such as Corizon, LLC, may not be held liable under § 1983 on the basis of respondeat superior as claimed by Mr. Oryang. *See Buckner v. Tro,* 116 F .3d 450 (11th Cir. 1986); *Monell v. Dept. of Soc. Serv.,* 436 U.S. 658 (1978). Instead, a plaintiff, such as Mr. Oryang, in an action against an entity such as Corizon, LLC under § 1983 must prove that the purported delay or denial of Mr. Oryang's medical treatment was the product of an official corporate policy, practice, or custom that denied Mr. Oryang's constitutional rights. *See Berdin v. Buggan,* 701 F .2d 909, 914 (11th Cir. 1983 ). "To establish a policy or custom, it is generally necessary to show a persistent and wide-spread practice." *See Wayne v. Jarvis,* 1967 F .3d 1098, 1105 (11th Cir. 1999). "Custom" means "a practice that is so settled and permanent that it takes on force of law." *Wayne,* 197 F.3d at 1105. Mr. Oryang cannot offer any evidence showing that a policy or custom of Corizon, LLC contributed in any way to the constitutional violations alleged in Mr. Oryang's Complaint. There has been no evidence submitted or offered in this matter to indicate that any policy, procedure or practice of Corizon, LLC in any way caused or contributed to the medical concerns raised by Mr. Oryang in his Complaint. Therefore, any and all claims against the corporate defendant, Corizon, LLC, are due to be dismissed.

Because Corizon, LLC is a private medical contractor performing traditional state functions of providing health care to state inmates, Corizon, LLC

is treated under the law as the functional equivalent of a municipality. Consequently, this Court must evaluate Mr. Oryang's claims against Corizon, LLC as it would evaluate the claims against a municipality. The law is well-established that a municipality cannot be held liable under a theory of *respondeat superior* or vicarious liability. "Supervisory officials are not liable under section 1983 on the basis of respondeat superior or vicarious liability." *Belcher v. Foley,* 30 F.3d 1390 (11th Cir. 1994) quoting *Hardin v. Hayes,* 957 F.2d 548, 849 (11th Cir. 1992). *See also Cook v. Sheriff of Monroe Cnty, Fla.,* 402 F.3d 1092, 1116 (11th Cir. 2005); *Miller v. King,* 384 F.3d 1248, 1261 (11th Cir. 2004); *Gonzalez v. Reno,* 325 F.3d 1228, 1234 (11th Cir. 2003).

The law is very clear that Corizon, LLC cannot be held liable under respondeat superior.

> [R]espondeat superior is not a valid theory of liability for private contractors employed by a state, *Street [v. Corrections Corp. of Am.,]* 102 F.3d [810,] 818 [(6th Cir. 1996)]. Indeed, "every circuit to consider the issue" has extended "to private corporations as well" the rule that a defendant cannot be held liable under section 1983 on a respondeat superior or vicarious liability basis. *Id.* That [the defendant] is a professional limited liability company make no difference with respect to respondeat superior liability under section 1983. *See e.g., Craig v. Floyd Cty, Ga.,* 643 F.3d 1306, 1310 (11th Cir. 2011)(finding that section 1983 claims against limited liability company cannot be based on respondeat superior)."

*Savoie v. Martin,* 673 F.3d 488, 494 (6th Cir. 2012).

9

Therefore, Mr. Oryang cannot state a § 1983 claim against Corizon, LLC based upon the actions of its employees. Because Corizon, LLC cannot be held liable directly, to survive summary judgment, Mr. Oryang must demonstrate that Corizon, LLC had a policy or custom that represented official policy that resulted in the delay or denial of adequate medical care and harm to Mr. Oryang. *See Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012); *see also Berdin v. Duggan*, 701 F.2d 909, 914 (11th Cir. 1983). Corizon, LLC's liability is dependent upon Mr. Oryang establishing that any constitutional violation Mr. Oryang suffered was the result of a policy or custom of Corizon, LLC. "[O]nly when a 'policy or custom' of a municipality inflicts the injury does § 1983 liability exist." *Cook,* 402 F.3d at 1116; *Buckner,* 116 F.3d at 452. *See also Monell v. Dep 't of Soc. Serv.,* 436 U.S. 658 (1978). Stated differently, to avoid summary judgment, Mr. Oryang must point this Court to substantial evidence creating a genuine dispute of material fact which shows that Corizon, LLC had a policy or custom of delaying or denying adequate medical care that resulted in deliberate indifference to Mr. Oryang's constitutional rights. This Mr. Oryang cannot do. Indeed, Mr. Oryang cannot present any evidence linking his claims to any official policy or custom of Corizon, LLC, much less demonstrate that any injury suffered by Mr. Oryang was ascribable to a Corizon, LLC's policy or custom.

There has been no evidence submitted or offered to indicate that any policy, procedure or practice of Corizon, LLC in any way caused or contributed to any claims of Mr. Oryang. Mr. Oryang has not produced any statements, medical records, or any evidence of any kind to indicate or infer that Corizon, LLC had in place a policy that caused or contributed to the claims of Mr. Oryang.

> A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality. *Sewell v. Town of Lake Hamilton,* 117 F .3d 488, 489 (11th Cir. 1997). Generally, to establish a custom or practice, a plaintiff must show a persistent and widespread practice. *McDowell v. Brown,* 392 F .3d 1283, 1290 (11th Cir. 2004 ). A custom is a practice that is so settled and permanent that it takes on the force of law. *Sewell,* 117 F.3d at 489. The threshold identification of a custom or policy 'ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality.

*McDowell v. Brown,* 392 F.3d 1283, 1290 (11th Cir. 2004).

The 11th Circuit has held that this burden prevents the imposition of liability based upon an isolated incident. *Id. (see also, Depew v. City of St. Mary's,* 787 F.2d 1496 (11th Cir. 1986)("Normally, random acts or isolated incidents are insufficient to establish a custom or policy.")). Rather the incident must result from a demonstrated practice. *Wayne v. Jarvis,* 197 F.3d 1098 (11th Cir. 1999)( determining that a single decision, "even if erroneous, would not support the inference that the County had a custom or policy" in place). In order to impose liability on a defendant such as Corizon, LLC, "a pattern of similar constitutional violations ... is 'ordinarily

11

necessary.'" *Connick v. Thompson,* 563 U.S. _ , 131 S.Ct. 13 50, 1360, 179 L.Ed.2d 417 (2011 ); *Craig v. Floyd County, Ga.,* 643 F .3d 1306 (11th Cir. 2011 ). Mr. Oryang, however, cannot offer any evidence that any other inmate at Staton, or incarcerated with the ADOC at any facility in the state of Alabama, suffered any similar harm as a result of an alleged policy or custom of Corizon, LLC.

Mr. Oryang cannot produce any evidence from any inmate or other individual that supports his position that Corizon, LLC had a policy that led to Mr. Oryang's alleged constitutional deprivation.

In *Craig v. Floyd County,* Ga., 643 F .3d 1306 (11th Cir. 2011 ), the 11th Circuit discussed an inmate's claim in which a policy, custom, or practice argument was made. *See Craig,* 643 F.3d at 1312. In *Craig,* the Plaintiff argued that he established a policy, custom, or practice of the private medical provider because the actions of the employees, taken together, established a practice of not referring detainees to physicians, relying on hospital clearance forms, and using the least costly means to treat detainees. *Id.* at 1311. The Eleventh Circuit explained that because the Plaintiff did not point to an occasion where the alleged policy or custom exacerbated **another inmate's** medical condition, and **only relied on evidence of his own treatment**, the Plaintiff's proof amounted to proof of a single incident, which could not form the basis for imposing liability under § 1983. *Id.* The Court rejected the argument that a custom, policy, or practice could be established by

relying on evidence only of the Plaintiff's own experience. *Id.* at 1311-12. Specifically with regard to the alleged policy of treating the Plaintiff by the least costly means, the Court stated that "[A]lthough several employees of Georgia Correctional treated Craig over the course of nine days, those treatments of him are insufficient to prove that Georgia Correctional had a policy or custom of constitutional violations against detainees that was 'persistent' or 'so widespread as to have the force of law.'" *Id.* (citations omitted).

Under the holding in *Craig*, Mr. Oryang's reliance on any evidence of the alleged delay in and/or denial of treatment to Mr. Oryang, without evidence of denial of similar treatment or delay of similar treatment of other inmates to establish a persistent or widespread practice, is insufficient to show that there was a policy, custom, or practice which led to a deprivation of Mr. Oryang's constitutional rights. *See also Boyd v. Corizon,* 2015 WL 3649018 (M.D. Ala. 2015; *Struggs v. City of Birmingham,* 2015 WL 777659 (N.D. Ala. 2015); *Rykard v. City of Dothan,* 2011 WL 6813001 (M.D. Ala. 29011 ). Therefore, Corizon, LLC is entitled to summary judgment in this matter.

WHEREFORE, PREMISES CONSIDERED, and there being no material issue of fact, the Defendant, Corizon, LLC, requests that the Special Report be treated as a Summary Judgment and that the motion be granted in its favor and that costs be assessed against the plaintiff.

                s/*Philip G. Piggott*
                Philip G. Piggott (ASB-4379-P67P)
                WEBSTER HENRY, P.C.
                Two Perimeter Park South
                Suite 445 East
                Birmingham, AL 35243
                Telephone: (205) 380-3480
                Fax: (205) 380-3485
                E-mail: ppiggott@websterhenry.com
                *Attorney for Defendant, Corizon, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that on April 14, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, which will send notification of such filing to all parties of record and I hereby certify that I have mailed by U. S. Postal Service the document to the following non-CM/ECF participants:

Benjamin B. Oryang (AIS 168079)
Staton Correctional Facility
2690 Marion Spillway Road
Elmore, AL 36025

                /s/ *Philip G. Piggott*
                OF COUNSEL