IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BENJAMIN BEDOGWAR ORYANG, #168 079, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) ) | CASE NO. 2:21-CV-23-WHA-SRW [WO] |
| ALABAMA DEPARTMENT OF CORRECTIONS, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## SUPPLEMENTAL RECOMMENDATION OF THE MAGISTRATE JUDGE

On March 29, 2021, the undersigned entered a recommendation that Plaintiff's claims presented in the amended complaint against Defendants Alabama Department of Corrections, Dr. Tahir Siddiq, Dr. Chandler, and Dr. Owens be dismissed under 28 U.S.C. § 1915A(b)(1). Doc. 27. Plaintiff filed objections to the Recommendation. Doc. 51. Upon review of the objections, the court concludes that they are without merit. However, in the interest of justice, the court deems it appropriate to supplement its previous recommendation of dismissal of Plaintiff's claims against the Alabama Department of Corrections ["ADOC"] and Dr. Siddiq ["Dr. Siddiq"]. Plaintiff raises no objection to the recommendation that the claims against Defendants Chandler and Owens be dismissed.

## I. DISCUSSION

### A.    ADOC

This § 1983 action concerns a dispute over the adequacy of medical care and treatment provided Plaintiff for his claims related to a hearing deficit in his left ear. The

court determined that Plaintiff's claims against the ADOC are subject to dismissal as frivolous under 28 U.S.C. § 1915A(b)(1), as the Eleventh Amendment bars suit directly against a state or its agencies, regardless of the relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Papasan v. Allain*, 478 U.S. 265 (1986) (holding that unless the State of Alabama consents to suit or Congress rescinds its immunity, a plaintiff cannot proceed against the State or its agencies as the action is proscribed by the Eleventh Amendment and "[t]his bar exists whether the relief sought is legal or equitable.").

In his objections to the March 30, 2021, recommendation, Plaintiff argues that dismissal of the ADOC is improper because the Eleventh Amendment does not prohibit suit against state agencies in federal courts seeking prospective injunctive or declaratory relief where his claims concern an alleged continuing violation. Doc. 51 at 6–7. In support of his objection, Plaintiff cites *Florida Ass'n of Rehabilitation Facilities, Inc. v. State of Florida Department of Health and Rehabilitation Services*, 225 F.3d 1208, 1219 (11th Cir. 2000).

Plaintiff's objection is without merit. His amended complaint against the ADOC is subject to dismissal because the ADOC, as a state agency, is not a "person" for the purposes of § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). "Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it, . . . a State cannot be sued directly in its own name regardless of the relief sought." *Kentucky v. Graham*, 473 U.S. 159, 167, n.14 (1985). "[T]he Eleventh Amendment constitutes an absolute bar to a state's being sued by its own citizens, among others." *DeKalb Cnty. Sch. Dist. v. Schrenko*, 109 F.3d 680, 687 (11th Cir. 1997) (per curiam )(quotation marks and

citation omitted). The ADOC, as a state agency, is the equivalent of the State of Alabama. *See Reeves v. Thigpen*, 879 F. Supp. 1153, 1178 (M. D. Ala. 1995). The ADOC is therefore entitled to the same Eleventh Amendment protection as is the state of Alabama. *See Taylor v. Dep't of Pub. Safety*, 142 F. App'x 373, 374 (11th Cir. 2005); *see also Cross v. Ala. State Dep't of Mental Health & Mental Retardation*, 49 F.3d 1490, 1502 (11th Cir. 1995) (citations omitted) (holding that "[t]he Eleventh Amendment prohibits a federal court from exercising jurisdiction over a lawsuit against a state [and its agencies], except where the state has consented to be sued or waived its immunity, or where Congress has overridden the state's immunity."); U.S. Const. amend. XI ("[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State . . .").

Regarding Plaintiff's request for prospective injunctive relief, under the doctrine announced in *Ex parte Young,* 209 U.S. 123 (1908), suits against *state officers* seeking prospective equitable relief to end continuing violations of federal law are not barred by the Eleventh Amendment. *Fla. Ass'n of Rehab. Facilities, Inc.,* 225 F.3d at 1220. This exception is based on the legal fiction that state officers who enforce unconstitutional laws act without the state's authority, and they therefore are not protected by the Eleventh Amendment. *See Summit Med. Assocs., P.C. v. Pryor,* 180 F.3d 1326, 1336–37 (11th Cir. 1999). Thus, *Ex parte Young* provides an exception for actions against state officers, not state agencies, and the Eleventh Amendment does not protect state officials from being sued for prospective declaratory and injunctive relief to remedy ongoing violations of

federal law.[1] 209 U.S. at 159–60. *Ex Parte Young* does not extend to claims for retrospective relief concerning past violations of federal law. *Green v. Mansour*, 474 U.S. 64, 68 (1985).

For the foregoing reasons, even if there were not a statutory basis for the ADOC's dismissal as a defendant, in the absence of a colorable claim that the ADOC is not an "arm of the state," the Eleventh Amendment bars Plaintiff from bringing suit against the agency in federal court under section 1983. *See Taylor*, 142 F. App'x. at 374 (affirming district court's dismissal of 42 U.S.C. § 1983 action on the grounds that "this case was brought against state agencies, which are not "persons" for purposes of § 1983 and which enjoy the same Eleventh Amendment immunity as does the State of [Alabama"].).

## B.    Dr. Tahir Siddiq

Plaintiff seeks to challenge the provision of medical care provided to him by Dr. Siddiq while Plaintiff was incarcerated at the Bullock Correctional Facility between mid-2013 to January 2017.[2] The court recommended dismissal of Dr. Siddiq on the ground that Plaintiff has no legal basis on which to proceed on his claims against this defendant because Plaintiff filed this action over two years after the challenged conduct occurred and no basis for statutory tolling exists. Plaintiff objects to the recommendation that Dr. Siddiq be

---

[1] Thus, to the extent that Plaintiff is attempting to enjoin any defendant state official from continuing to enforce an allegedly unconstitutional violation of federal law, those claims are not barred by the Eleventh Amendment.

[2] The Court considers September 30, 2019, to be the filing date of this action. Although the Clerk stamped the original complaint "filed" on October 2, 2019, Plaintiff signed it on September 30, 2019, and a *pro se* inmate's complaint is deemed by law to have been filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).

dismissed, arguing that the continuing violation doctrine brings his claims against Dr. Siddiq within the statute of limitations. Doc. 51.

In his amended complaint, Plaintiff seeks to challenge the medical care provided to him for his left ear by Dr. Siddiq between mid-2013 and January of 2017.  Plaintiff argues in his objection that he has alleged a violation of his constitutional rights beginning in 2013 that is ongoing, and that Dr. Siddiq engaged in persistent wrongful conduct. Doc. 51 at 10–11. According to the amended complaint, Plaintiff alleges that between mid-2013 to January of 2017 he requested treatment and accommodations for his ailing left ear on several occasions, but "Dr. Siddiq denied Plaintiff." Plaintiff also alleges that he submitted grievances between 2014 and 2016 seeking treatment and accommodations for his left ear but contends that he did not receive a response in writing. Plaintiff claims that, when Dr. Siddiq examined him, he informed Plaintiff that because he could hear clearly enough with his right ear, treatment for the hearing loss in his left ear would not be provided unless that ear became painful or started bleeding. Doc. 25-1 at 2.

Based on the date of Plaintiff's institutional transfer from the Bullock Correctional Facility and the cessation of Dr. Siddiq's provision of medical services upon that transfer—at the latest on January 31, 2017—his claims against Dr. Siddiq are untimely even if considered under a continuing violation theory. "Under the continuing violations doctrine, the statute of limitations is tolled for a claim that otherwise would be time-barred where the violation giving rise to the claim continues to occur within the limitations period. In determining whether to characterize a violation as continuing, it is important to distinguish between the present consequences of a onetime violation, which do not extend the limitations period, and a continuation of a violation into the present, which does." *Nat'l*

*Parks & Conservation Ass'n, Inc. v. Tennessee Valley Auth.*, 502 F.3d 1316, 1322 (11th Cir. 2007) (citation and quotations omitted); *Lovett v. Ray*, 327 F.3d 1181, 1183 (11th Cir. 2003) (same). The Eleventh Circuit has "limited the application of the continuing violation doctrine to situations in which a reasonably prudent plaintiff would have been unable to determine that a violation had occurred. If an event or series of events should have alerted a reasonable person to act to assert his or her rights at the time of the violation, the victim cannot later rely on the continuing violation doctrine." *Ctr. for Biological Diversity v. Hamilton*, 453 F.3d 1331, 1335 (11th Cir. 2006) (per curiam) (quotation marks and citation omitted).

When a claim "involves continuing injury, the cause of action accrues, and the limitation period begins to run, at the time the unlawful conduct ceases." *Smith v. Shorstein*, 217 F. App'x 877, 881 (11th Cir. 2007) (*citing Donaldson v. O'Connor,* 493 F.2d 507, 529 (5th Cir.1974).[3] Here, the statute of limitations began to run on Plaintiff's claims arising from the challenged conduct regarding Dr. Siddiq's provision of medical care, at the latest, on January 31, 2017, when Plaintiff was transferred from Bullock. Plaintiff provides only a conclusory argument in support of the application of the continuing violations doctrine to Dr. Siddiq, and the amended complaint's factual allegations do not reflect a "continuation of a violation into the present" as to this physician. Although Plaintiff alleges inadequate medical care by Dr. Siddiq, his assertions constitute discreet causes of action concerning events which occurred during Plaintiff's incarceration at Bullock, rather than

_____

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit as of September 30, 1981.

one continuing infraction, which prevents those claims from being time-barred. *See Wiley Fisher v. City of Montgomery*, Case No. 2:10-CV-189-WKW, 2011 WL 671521, at *7 (M.D. Ala. Feb. 17, 2011) (finding that the plaintiff's allegations of constitutional violations for the [defendant's] medical inattention during his jail cell confinement constituted a continuing injury that did not accrue until plaintiff was removed from the jail cell); C*olby v. Herrick*, 849 F.3d 1273, 1280 (10th Cir. 2017) (holding that the continuing violation "doctrine is triggered by continuing unlawful acts but not by continuing damages from the initial violation."). Thus, Plaintiff's allegations of inadequate medical care against Dr. Siddiq are barred by the  applicable limitation periods.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The March 29, 2021, Recommendation of the Magistrate Judge (Doc. 27) be adopted;

2.  Plaintiff's objections (Doc. 51) be overruled.

**On or before May 12, 2021**, Plaintiff may file an objection to the Supplemental Recommendation. Plaintiff must specifically identify the factual findings and legal conclusions in the Supplemental Recommendation to which he objects.  Plaintiff is advised that frivolous, conclusive, or general objections will not be considered.  This Supplemental Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district

court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 27th day of April, 2021.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge