IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BENJAMIN BEDOGWAR ORYANG, )<br>#168 079, )<br>  )<br>  Plaintiff, )<br>  )<br>  v. )<br>  )<br>ALABAMA DEPARTMENT OF )<br>CORRECTIONS, et al., )<br>  )<br>  Defendant. ) | CASE NO. 2:21-CV-23-WKW-SRW<br>[WO] |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

*Pro se* Plaintiff Benjamin Oryang, a state inmate at the Staton Correctional Facility brings this action under 42 U.S.C. § 1983. Plaintiff alleges that a lack of proper and appropriate medical treatment and accommodations for a left-sided hearing loss have subjected him to cruel and unusual treatment in violation of his rights under the Eighth Amendment. Plaintiff moves for a preliminary injunction. Docs. 25, 36. For the following reasons, the undersigned RECOMMENDS that Plaintiff's motions be DENIED.

**I.   BACKGROUND**

In his amended complaint, Plaintiff alleges that Defendants have failed to provide him with adequate medical care related to a degenerative left inner-ear condition and unilateral hearing loss on the ground that he can hear out of his non-affected ear.[1] He maintains that Defendants acted with deliberate indifference to his health by not providing

---

[1] This action is proceeding on Plaintiff's Amended Complaint filed on March 22, 2021. Doc. 25.

timely and appropriate medical treatment and accommodations and that he is now clinically deaf in his left ear. Doc. 25.

Based on these facts, Plaintiff moves for a preliminary injunction prohibiting Defendants from failing to provide him adequate medical treatment and accommodations for his left-sided hearing deficiency. Defendants maintain that the requested relief is not warranted because they have not acted with deliberate indifference to Plaintiff's medical needs. Docs. 54, 85.

## II.   LEGAL STANDARD

"The grant or denial of a preliminary injunction rests within the sound discretion of the district court." *Transcon. Gas Pipe Line Co. v. 6.04 Acres, More or Less*, 910 F.3d 1130, 1163 (11th Cir. 2018); *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002) (same). This Court may grant a preliminary injunction only if Plaintiff demonstrates each of the following requisite elements: (1) a substantial likelihood of success on the merits; (2) an irreparable injury will occur absent issuance of the injunction; (3) the injunction would not substantially harm the non-moving parties; and (4) if issued, the injunction would not be adverse to the public interest. *Long v. Sec'y Dept. of Corrections*, 924 F.3d 1171, 1176 (11th Cir. 2019); *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "In this Circuit, [a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishe[s] the burden of persuasion as to the four requisites." *McDonald's*, 147 F.3d at 1306 (internal quotations omitted); *Wreal LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (internal quotations and citation omitted) ("A

preliminary injunction is an extraordinary and drastic remedy, and [Plaintiff] bears the burden of persuasion to clearly establish all four of these prerequisites."); *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (holding that a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (holding that the grant of a preliminary injunction "is the exception rather than the rule," and the movant must clearly carry the burden of persuasion on each of the requisite elements).[2] The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's request for injunctive relief, regardless of the party's ability to establish any of the other requisite elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994). "The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." *Northeastern Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1284 (11th Cir. 1990); *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

**III. DISCUSSION**

    **A.    Deliberate Indifference – Standard of Review**

Only actions that deny inmates "the minimal civilized measure of life's necessities" are grave enough to establish constitutional violations. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Eighth Amendment proscribes actions which result in subjecting an inmate to conditions that involve the wanton and unnecessary infliction of pain. *Id*. at 346. Specifically, it is concerned with "deprivations of essential food, medical care, or

---

[2] Opinions issued by the former Fifth Circuit prior to October 1, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

3

sanitation" or "other conditions intolerable for prison confinement." *Id*. at 348 (citation omitted).

A prison official has a duty under the Eighth Amendment to "provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)); *Helling v. McKinney*, 509 U.S. 25, 31–32 (1993). A prison official may therefore be held liable under the Eighth Amendment for acting with "'deliberate indifference'" to an inmate's health or safety when the official knows that the inmate faces "a substantial risk of serious harm" and disregards that risk by failing to take reasonable measures to abate it. *Farmer*, 511 U.S. at 828.

To demonstrate an Eighth Amendment violation, a prisoner must satisfy both an objective and a subjective inquiry. *Farmer*, 511 U.S. at 834; *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1099 (11th Cir. 2014) (holding that the law requires establishment of both objective and subjective elements to demonstrate an Eighth Amendment violation). With respect to the requisite objective element, an inmate must first show "an objectively substantial risk of serious harm . . . exists. Second, once it is established that the official is aware of this substantial risk, the official must react to this risk in an objectively unreasonable manner." *Marsh v. Butler Cnty., Ala*., 268 F.3d 1014, 1028–29 (11th Cir. 2001), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). As to the subjective element, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and

4

he must also draw the inference." *Farmer*, 511 U.S. at 837–38; *Campbell v. Sikes*, 169 F.3d 1353, 1364 (11th Cir. 1999) (citing *Farmer*, 511 U.S. at 838).

> In sum,
>
> > [u]nder the objective component, the plaintiff must demonstrate "a substantial risk of serious harm." [*Farmer*, 511 at 834]. . . . Under the subjective component, the plaintiff must prove "the defendants' deliberate indifference" to that risk of harm by making three sub-showings: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Lane* [*v. Philbin*, 835 F.3d 1302, 1308 (11th Cir. 2016)], (quotation omitted). . . . The [relevant] inquiry . . . [is] whether the defendants "disregard[ed]" the risk "by conduct that is more than mere negligence," *id*. (quotation omitted)—or more simply stated, whether they "recklessly disregard[ed] that risk," *Farmer,* 511 U.S. at 836, 114 S.Ct. 1970.

*Swain v. Junior*, 961 F.3d 1276, 1285 (11th Cir. 2020); *King v. Fairman*, 997 F.2d 259, 261 (7th Cir. 1993) (internal quotations and citations omitted) (explaining that "[t]o sustain his constitutional claim, the inmate must demonstrate something approaching a total unconcern for his welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm.").

> The Eleventh Circuit,
>
> > (echoing the Supreme Court) ha[s] been at pains to emphasize that "the deliberate indifference standard ... is far more onerous than normal tort-based standards of conduct sounding in negligence," *Goodman v. Kimbrough*, 718 F.3d 1325, 1332 (11th Cir. 2013), and is in fact akin to "subjective recklessness as used in the criminal law," *Farmer*, 511 U.S. at 839–40, 114 S.Ct. 1970; *see also id.* at 835, 114 S.Ct. 1970 ("[D]eliberate indifference describes a state of mind more blameworthy than negligence."). Were we to accept the district court's determination that resulting harm, the failure to take impossible measures, or even the combination of both suffices to show a criminally (and thus constitutionally) reckless mental state, "the deliberate indifference standard would be silently metamorphosed into a font of tort law—a brand of negligence redux—which the Supreme Court has made abundantly clear it is not." *Goodman*, 718 F.3d at 1334.

*Swain*, 961 F.3d at 1288.

The conduct at issue "must involve more than ordinary lack of due care for the prisoner's interests or safety. . . . It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). "The requisite mental state for prison officials is intent, or its functional equivalent, described as deliberate indifference[.]" *King*, 997 F.2d at 261 (internal quotations and citations omitted). "Only '[a] prison official's deliberate indifference to a known, substantial risk of serious harm to an inmate violates the Eighth Amendment.'" *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014) (quoting *Marsh*, 268 F.3d at 1028); *Lane*, 835 F.3d at 1307 (11th Cir. 2016) (holding that the Eighth Amendment is violated only when a correctional official "is deliberately indifferent to a substantial risk of serious harm to an inmate who suffers injury."). The Eleventh Circuit has consistently held that "'[i]n order to state a § 1983 cause of action against prison officials based on a constitutional deprivation resulting from cruel and unusual punishment, there must be at least some allegation of a conscious or callous indifference to a prisoner's rights, thus raising the [mere] tort to a constitutional stature.'" *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1982) (quoting *Wright v. El Paso County Jail*, 642 F.2d 134, 136 (5th Cir. 1981); *Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986) (same).

### B. The Request for Preliminary Injunctive Relief[3]

Plaintiff seeks issuance of a preliminary injunction to prohibit Defendants from retaliating against him for filing this action; compel Defendants to provide him with services, aids, or devices for his hearing deficit; require Defendants to provide him with treatment and services for his hearing deficit under statutory and constitutional law; and prohibit enforcement of agency policies which provide no treatment for unilateral hearing losses. Doc. 36. The medical defendants submitted an affidavit from Dr. Borowicz with relevant excerpts from Plaintiff's medical records. Docs. 54-1, 54-2. Defendants argue that Plaintiff has failed to show a substantial likelihood of success on his claims for inadequate medical care. Docs. 54, 85.

After review of the record in this case, including the medical records submitted in response to Plaintiff's requests for preliminary injunctive relief, the court finds that Plaintiff has failed to make the showing necessary to secure a preliminary injunction. First, Plaintiff has not shown that he has a substantial likelihood of success on the merits of his claims. According to Dr. Borowicz, Plaintiff has been incarcerated at Staton since March 2, 2018. Dr. Borowicz testifies that:

> [he is] aware that [Plaintiff] has had problems with hearing loss in his left ear since 1999. [Plaintiff] has normal hearing in his right ear.
>
> Due to his hearing loss in his left ear, [Plaintiff] was sent outside the correctional facility to be seen by an ENT outside specialist . . . on April 9, 2018. . . . The ENT noted that [Plaintiff] had unilateral hearing loss on the left side. The ENT also recommended an MRI for [Plaintiff].
>
> At the recommendation of the ENT, the MRI was taken of [Plaintiff's] brain

---

[3] If Plaintiff seeks to challenge matters associated with the treatment of medical conditions unrelated to his complaints regarding his hearing deficit and which have occurred since his filing of this action, he must file a new civil complaint.

7

> due to left sided hearing loss on May 10, 2018. The radiologist read the MRI in part as follows:
>
> > Impression:
> > Paranasal sinus disease but otherwise normal magnetic residence imaging of the brain and brain stem.
>
> . . .[T]he ENT, stated that regular hearing aids would not help [Plaintiff] for [] his left sided unilateral hearing loss.
>
> Pursuant to the notation from [the ENT] that normal hearing aids would not help [Plaintiff's] left-sided unilateral hearing loss, a hearing aid was not ordered for [Plaintiff]. [The ENT] did recommend an MRI and a[] MRI was taken of [Plaintiff's] head. The MRI revealed that everything was within normal limits.

Doc. 54-1 at 3–4.

The response and medical treatment provided to Plaintiff do not, at this stage of the proceedings, reflect deliberate indifference. To the extent that there exists a difference of opinion on the provision of medical care and treatment, such a difference will seldom rise to the level of a constitutional violation and, based on the records filed so far, does not do so here. *Hamm v. DeKalb*, 774 F.2d 1567, 1575 (11th Cir. 1985) (holding that where a prisoner receives adequate medical care but desires to receive a different mode of treatment, the care provided does not amount to deliberate indifference); *Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995) (holding that whether a defendant should have used additional or different diagnostic techniques or forms of treatment "is a classic example of a matter for medical judgment and therefore not an appropriate basis for liability under the Eighth Amendment."). Accordingly, the Court finds that Plaintiff has failed to show a substantial likelihood of success on the merits, and his motion for preliminary injunction is due to denied for this reason alone.

Next, Defendants' evidentiary material reflect that prison medical personnel responded to Plaintiff's complaints and provided medical care to him consistent with his medical history. Defendants' evidence does not indicate that Plaintiff's medical care regarding the condition about which he complains has been so cursory as to amount to no treatment at all. *See* Docs. 52, 53, 54, 87, 92.

The court also finds that Plaintiff has not demonstrated that he will suffer irreparable injury absent the requested injunctive relief. The inquiry here is not whether Plaintiff has shown that the challenged matters pose a danger to him in the abstract, but rather whether he has shown that he "will suffer irreparable injury 'unless the injunction issues.'" *Id.* (quoting *Jones v. Governor of Fla.*, 950 F.3d 795, 806 (11th Cir. 2020)). The alleged "irreparable injury must be neither remote nor speculative, but actual and imminent." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). Merely showing the "possibility" of irreparable harm is insufficient. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

The third and fourth elements required for issuance of a preliminary injunction merge when the [State or any of its actors] is the non-moving party. *Nken v. Holder*, 556 U.S. 418, 435 (2009). The State has a significant public interest in the administration of its prisons. *See, e.g.*, *Woodford v. Ngo*, 548 U.S. 81, 94 (2006); *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 (1973). Here, Plaintiff's requested injunction, if issued, would likely be adverse to that interest, and Plaintiff has failed to show otherwise. For these reasons, Plaintiff has not met his burden to establish the third and fourth elements necessary for issuance of the requested injunction.

**IV. CONCLUSION**

The undersigned Magistrate Judge therefore RECOMMENDS that Plaintiff's Motions for Preliminary Injunction (Docs. 25, 36) be DENIED.

The parties may file an objection to the Recommendation on or before **August 3, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file a written objection to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, on this the 19th day of July, 2021.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge