IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BENJAMIN BEDOGWAR ORYANG, #168 079, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CASE NO. 2:21-CV-23-WKW-SRW [WO] |
| ALABAMA DEPARTMENT OF CORRECTIONS, et al., | ) ) ) | |
| Defendant. | ) | |

**SUPPLEMENTAL RECOMMENDATION OF THE MAGISTRATE JUDGE**

On July 19, 2021, the undersigned entered a recommendation that Plaintiff's request for a preliminary injunction—which asked the court to prohibit Defendants from retaliating against him for filing this action, require Defendants to provide him with services, aids, or devices for his hearing deficit, require Defendants to provide him with treatment and services for his hearing deficit under statutory and constitutional law, and to prohibit enforcement of agency policies which provide no treatment for unilateral hearing losses—be denied, as he failed to demonstrate each prerequisite for issuance of a preliminary injunction. Docs. 25, 36, 98.[1]

---

[1] Plaintiff complains that the Court did not address his request for a permanent injunction in the recommendation addressing his motion for preliminary injunctive relief. Doc. 101 at 19. However, a "suit for a permanent injunction contemplates a bench trial on the merits followed by findings of fact and conclusions of law under Federal Rule of Civil Procedure 52(a)(1) and the entry of a final judgment granting or denying the requested relief. *See* Permanent Injunction, Black's Law Dictionary 788 (defining "permanent injunction" as "[a]n injunction granted after a final hearing on the merits"); *Georgia Advoc. Off. v. Jackson*, 4 F.4th 1200, 1211–12 (11th Cir. 2021).

Plaintiff filed objections to the recommendation. Doc. 101. Upon review of the objections, the undersigned concludes that they are without merit. However, it will supplement its previous recommendation in light of Plaintiff's contention that his request for a preliminary injunction seeking to enjoin Defendants from retaliating against him for filing suit was not addressed. Doc. 101 at 19. Specifically, Plaintiff maintains that Defendants' conduct in discontinuing his chronic care medication for eight days after service of the Amended Complaint amounted to a direct threat to his health and safety and constituted an act of retaliation. Doc. 101 at 19. The court directed Defendants to supplement their response to Plaintiff's request for preliminary injunctive by addressing this claim of retaliation. Doc. 102. In response, Defendant Wexford Health Sources, Inc., submitted the declaration of Kelly Rice, the Director of Nursing at the Staton Correctional Facility, and Plaintiff's medication administration records (MAR) from June 20, 2020 through August 2021. Docs. 103-1, 103-2.

This Court may grant a preliminary injunction only if Plaintiff demonstrates each of these prerequisites: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will occur absent issuance of the injunction; (3) that the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) that the injunction would not be adverse to the public interest. *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352, 1354-55 (11th Cir. 1983). "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion" as to each of

the four prerequisites. McDonald's Corp., 147 F.3d at 1306 (internal citations and quotations omitted).

Regarding the first prerequisite for issuance of preliminary injunctive relief, the court considers whether Plaintiff has proven a substantial likelihood of success on the merits of the claim under review. Having thoroughly reviewed the request for a preliminary injunction, Defendant Wexford's response, and Plaintiff's response (Doc. 106), and in light of applicable federal law, the undersigned concludes that Plaintiff fails to carry his burden.

Plaintiff alleges a denial of his chronic care medication for several days in retaliation for filing this case. According to Plaintiff, Defendants discontinued all of his daily chronic care medication without providing a reason for eight days immediately after the amended complaint was served on them.[2] Defendant Wexford Health Sources has submitted Plaintiff's medication administration records from June of 2020 through August of 2021. Kelly Rice, the Director of Nursing at Staton, affirms that Plaintiff's medications were never discontinued and that all of his chronic care medication was prescribed as Keep On Person ("KOP")." Nurse Rice testifies that Plaintiff's medication administration records reflect no interruption of his prescribed medication, his medications at all relevant times have been ordered as Keep on Person, and Plaintiff is aware from his incarceration history that it is his responsibility to pick up KOP prescribed medication. In sum, Nurse Rice

---

[2] The Court directed service of the amended complaint (Doc. 25) by order entered on March 31, 2021. Doc. 29. A request to waive service of the amended complaint on Defendants Waugh and Borowicz was granted on April 9, 2021 (Doc. 41), and service on the other named defendants in the amended complaint was effected in mid-April 2021. Plaintiff's amended complaint contained a request for preliminary injunctive relief, and he filed a second motion for preliminary injunction on April 7, 2021 (Doc. 36).

3

affirms that at no time were Plaintiff's medications ever denied, delayed, or discontinued. Doc. 103-1; Doc. 103-2 at 25–30.

After reviewing the record of Plaintiff's medication administration, the court cannot say Plaintiff has shown a substantial likelihood of success on the merits of his claim for injunctive relief regarding the alleged retaliatory conduct about which complains. Also, his request is devoid of any allegation that he will suffer specific and irreparable injury if an injunction is not issued. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (holding that a remote, speculative possibility of future injury is insufficient to grant a preliminary injunction); *see also City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (finding that "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects.").

Finally, the court finds that Plaintiff has failed to establish that the requested injunction, if issued, would not be adverse to the interests of Defendants and the public. Defendants have a significant public interest in the administration of the prison system. *See, e.g., Woodford v. Ngo*, 548 U.S. 81, 94 (2006); *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 (1973). Here, the requested injunction on the claim addressed herein, if issued, would likely be adverse to that interest, and Plaintiff has not shown otherwise. For these reasons, the undersigned finds that Plaintiff has not shown that the preliminary injunctive relief he seeks is warranted.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The prior recommendation (Doc. 98) and this supplemental recommendation be ADOPTED;

2. Plaintiff's objections (Doc. 101) be OVERRULED;

3. This case be referred back to the undersigned Magistrate Judge for further proceedings. It is further

ORDERED that Plaintiff's Motion for Consideration of Rebuttal (Doc. 106), which the court construes as a motion for leave to file a response to defendant Wexford Health Sources' response (*see* Doc. 103), is GRANTED.

It is further

ORDERED that **by December 3, 2021**, the parties may file objections to this supplemental recommendation. The parties must specifically identify the factual findings and legal conclusions contained in the recommendation to which his objection is made. Frivolous, conclusive, or general objections will not be considered by the court. Failure to file written objections to the proposed factual findings and legal conclusions set forth in the recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, on this the 18th day of November, 2021.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge