IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BENJAMIN BEDOGWAR ORYANG, AIS # 168 079, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) CASE NO. 2:21-CV-23-WKW ) [WO] |
| MS. WAUGH, *et al.*, | ) ) |
| Defendants. | ) |

## **ORDER**

On February 28, 2023, Tehum Care Services, Inc. d/b/a Corizon Health, Inc./Corizon, LLC (Corizon Health), a defendant in this action, filed a Suggestion of Bankruptcy and Notice of Automatic Stay. (Doc. # 154.) The automatic stay set forth in 11 U.S.C. § 362(a) became effective upon commencement of Corizon Health's Chapter 11 case. The automatic stay prohibits "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy petition]." 11 U.S.C. § 362(a)(1).

Although § 362(a)(1) stays Plaintiff's action against Corizon Health, the scope of the automatic bankruptcy stay does not encompass the entirety of the action. The general rule is that the automatic stay does not shield non-debtor co-defendants. *See In re Jefferson Cnty., Ala.*, 491 B.R. 277, 284 (Bankr. N.D. Ala. 2013) ("Generally,

the automatic stay of § 362(a)(1) applies only to certain actions taken or not taken with respect to a debtor, and not with respect to such action or inaction affecting other parties." (citation omitted)); *see also Am. Prairie Constr. Co. v. Hoich*, 560 F.3d 780, 789 (8th Cir. 2009) ("It is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants."). An exception to the general rule exists for "unusual circumstances," for example, "when there is such identity between the debtor and the third-party defendant . . . that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *Gulfmark Offshore, Inc. v. Bender Shipbuilding & Repair Co.*, No. 09-249-WS-N, 2009 WL 2413664, at *1 (S.D. Ala. Aug. 3, 2009) (quoting *Kreisler v. Goldberg*, 478 F.3d 209, 213 (4th Cir. 2007)). Based upon a review of the record in light of the exception's limited applications, it does not appear that there are any unusual circumstances to warrant an extension of the automatic bankruptcy stay to the non-debtor Defendants.

Accordingly, it is ORDERED as follows:

(1)     Plaintiff's action against Corizon Health is STAYED until further order of the court.

(2)     The non-debtor Defendants have until **March 15, 2023**, to file an appropriate motion if they believe that there is an unusual circumstance justifying extension of the automatic bankruptcy stay to Plaintiff's action against them.

(3)　　It is further ORDERED that Corizon Health shall notify the court immediately upon the resolution of the bankruptcy proceedings or earlier if relief from the automatic stay is obtained. During the intervening time, every ninety days **beginning April 3, 2023**, Corizon Health is DIRECTED to file a Notice as to the status of the bankruptcy proceedings.

DONE this 7th day of March, 2023.

/s/ W. Keith Watkins  
UNITED STATES DISTRICT JUDGE